JOSIAH D. DECKER, RESPONDENT, *v.* JAMES KITCHEN, APPELLANT, IMPLEADED, ETC.

*Action against joint debtors — entry of judgment against the one served only — right to proceed against the others — Code, secs. 375, 378 — Waiver of irregularities.*

In February, 1877, the plaintiff brought an action against the defendant Kitchen and one Dorn to recover a debt alleged to be due from them as copartners. Dorn only was served with the summons, and upon his failure to appear a judgment was entered against him alone which described him as impleaded with Kitchen. In February, 1878, a summons in the form prescribed by section 375 of the Code of Procedure was issued requiring Kitchen to show cause why he should not be bound by the judgment, accompanied by the affidavit required by section 378. Kitchen having appeared and answered, a judgment in the usual form was entered against him upon the trial of the issues raised by his answer.

Subsequently he moved to vacate the judgment on the ground that the judgment entered against Dorn separately did not authorize the proceedings taken, and that the judgment against him, Kitchen, should only have been that he be bound by the first judgment.

*Held,* that the motion was properly denied; that the plaintiff's irregularities in practice did not affect the jurisdiction of the court, and had been waived by the failure of Dorn and Kitchen to take the objections at the proper time.

APPEAL from an order of the Monroe Special Term, denying a motion made by the defendant to set aside the judgment against him, entered on a verdict.

*Theodore Bacon,* for the appellant.

*J. D. Decker,* respondent in person.

SMITH, J.:

In February, 1877, the plaintiff brought suit against the defendant and one Dorn to recover a debt which he alleged they owed him as copartners. The summons was served on Dorn only. Dorn did not appear and judgment was entered against him alone. He was described in the judgment as impleaded with Kitchen.

In February, 1878, a summons was served on Kitchen to show cause why he should not be bound by the judgment against Dorn. The summons was in the form prescribed in section 375 of the Code

of Procedure, and was accompanied by an affidavit which was drawn in conformity to the provisions of section 378. Kitchen appeared and served an answer which, as finally amended, set up his discharge in bankruptcy. The issue thus joined was tried at the circuit and a verdict was rendered against Kitchen for the amount of the indebtedness of the firm, less the sum of $333.33 proved by Kitchen to have been paid by him on such indebtedness. Judgment in the usual form was entered on the verdict against Kitchen.

That judgment Kitchen moved to vacate on the ground substantially, that the judgment against Dorn separately did not furnish support to the proceeding instituted against him (Kitchen), and, also, that the only judgment that can be entered in the proceeding against him is, that he be bound by the first judgment. The motion was denied at Special Term, and from the order there made this appeal is taken.

The learned judge who presided at the Special Term delivered an opinion, which indicates the reasons that controlled his decision. They are, in brief, that the judgment against Dorn alone was not authorized by the complaint in that action, which counted on a joint liability of both defendants; but that the judgment was irregular merely and not void, and it might have been amended if Kitchen had objected to it when he was sued upon it; that the irregularity does not affect Kitchen's rights in any respect, and that he is too late in objecting to it for the first time after verdict. And that as to the form of the judgment against Kitchen, a proper construction of section 380 leads to the conclusion that a judgment in such form as would have been entered had the action been brought against him alone was proper.

We are prepared to concur in the conclusion of the Special Term, and we think another view may be taken of the case leading to the same result.

It appears by the papers used on the motion that, at the time when the suit was begun against Dorn, Kitchen was a resident of the State of New Jersey, and there is no evidence that at that time either he or the firm had any property within this State. He could not have been served with the summons personally or by publication. Under subdivision 4 of section 136 of the Code, as amended in 1866, the plaintiff might have sued Dorn

alone, without joining his non-resident partner. If he had done so, he would have been entitled to precisely the same judgment against Dorn that he actually recovered. The judgment being against Dorn alone, when both were sued, was irregular for that reason, but not void. Dorn might have procured it to be set aside for such irregularity, if he had moved seasonably, but not having done so, he waived the irregularity, and the judgment is valid against him, and is of the same effect as if Kitchen had not been named as a defendant, and Dorn in that case had not pleaded the omission.

We may therefore treat Kitchen as if he had not been named in the original action. It appears that the judgment recovered in that action against Dorn has not been satisfied. We have all the conditions, then, which would have entitled the plaintiff to maintain an action against Kitchen under the fourth subdivision of section 136, on proving his joint liability. The same end that would have been reached by an action in that form has been obtained by the action that was brought. It is no other in any respect. In this view of the case, the summons by which Kitchen was brought into court, to have been regular, should have been in the form of a summons for the commencement of an ordinary action, but the irregularity in the form of the summons has been waived by the defendant Kitchen at several successive steps taken by him in the course of his defense. After he appeared the action proceeded in all respects as if he had been brought in by the service of a summons in the ordinary form, and he fully acquiesced in that course until nearly five months after the verdict was rendered against him. The real questions in the case relate only to the form of procedure, and do not touch the subject of jurisdiction. In the view we have taken of the case, the court, by virtue of its general jurisdiction, had control of the subject-matter in each action and authority to render in each the judgment that was rendered. The case of *Risley* v. *Phœnix Bank* (83 N. Y., 318), cited by the counsel for the appellant, does not apply.

The appellant's counsel cites *Robertson* v. *Smith* (18 Johns., 459) and other like cases, which hold that a judgment against one of several joint contractors in a separate action against him on such contract, extinguishes the original cause of action against all. Those

cases do not aid him. All of them, except *Waggoner* v. *Walrath* (24 Hun, 443), were decided before the fourth subdivision of section 136 was enacted, and that case was not one of partnership, to which alone that subdivision relates. Besides, in that case both joint contractors were named as defendants and served with summons, and the plaintiff elected to take judgment against one only.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

MULLIN, P. J., and HARDIN, J., concurred.

So ordered.